# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA ROVAI,<br><br>          Plaintiff,<br>  v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>          Defendant. | Case No. 14-cv-1738-BAS (WVG)<br><br>**ORDER:**<br>**(1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; AND**<br>**(2) STAYING THE CASE**<br><br>**[ECF 11]** |

On July 24, 2014, Plaintiff Adriana Rovai brought a prospective class action against Select Portfolio Servicing, Inc. ECF 1. The Complaint alleges eight causes of action: seven purportedly under state law, one a "violation of 26 U.S.C. § 6050H". Plaintiff claims federal question jurisdiction under 28 U.S.C. §§ 1331, 2201, 2022. Compl. ¶ 33. Additionally, she claims jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(a) and (d). *Id.*

On December 12, 2014, Defendant brought a motion to dismiss the Complaint. ECF 11. For the following reasons, the Court **GRANTS IN PART** the motion. The Court **DISMISSES** with prejudice Plaintiff's eighth cause of action and **STAYS** the remaining claims pending a determination by the Internal Revenue Service ("IRS").

## I. Dismissing 26 U.S.C. § 6050H Cause of Action

Defendant seeks to dismiss Plaintiff's eighth claim, brought under 26 U.S.C. § 6050H, because that statute provides no private right of action.

To begin, 26 U.S.C. § 6050H requires companies that have received mortgage interest in excess of $600 from a debtor to provide a mortgage interest statement (or an IRS Form 1098) to that debtor. Defendant correctly states that there is no expressly created private cause of action. Plaintiff asks the Court to imply a private remedy under § 6050H, citing *Cort v. Ash*, 422 U.S. 66, 78 (1975).

*Cort* uses a four-factor test to determine whether a statute implicitly includes a private cause of action:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort*, 422 U.S. at 78.

Under later cases, courts have emphasized that the "key inquiry is whether Congress intended to provide the plaintiff with a private right of action." *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121 (9th Cir. 2000). Some courts have gone so far as to opine that *Cort* has been "effectively overruled." *Thompson v. Thompson*, 484 U.S. 174, 188 (1988) (O'Connor, J. and Scalia, J., concurring). In any case, the Ninth Circuit has determined that the four-factor test is helpful in determining the legislature's intent. *Helfer*, 224 F.3d at 1121.

Statutes similar to 26 U.S.C. § 6050H that create private rights of action do so explicitly. For example, § 18(a) of the Securities Exchange Act of 1934 (1934 Act), 48 Stat. 897, as amended, 15 U.S.C. § 78q(a), "creates a private cause of action against persons, such as accountants, who 'make or cause to be made'

materially misleading statements in any reports or other documents filed with the Commission, although the cause of action is limited to persons who, in reliance on the statements, purchased or sold a security whose price was affected by the statements." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 572 (1979) (quoting 15 U.S.C. § 78r(a)). In *Touche Ross*, the Supreme Court found no private cause of action for statutes "that simply require certain regulated businesses to keep records and file periodic reports to enable the relevant governmental authorities to perform their regulatory functions" without explicit language creating a private right. *Id.* at 569.

Generally, "[s]tatutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) (quoting *California v. Sierra Club,* 451 U.S. 287, 294 (1981)). Because 26 U.S.C. § 6050H does not explicitly create a private cause of action and focuses on the person regulated, the Court is reticent to imply a private right. *See Sandoval*, 532 U.S. at 287 ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment).). Requiring a mortgagor to provide its Form 1098s to the mortgagee, in addition to the IRS, permits a mortgagee to stay apprised of the accruing tax burden and benefit, but it does not follow that this entitles a mortgagee to private recourse under the statute.

Lastly, other courts addressing this statute have considered this issue and declined to read 26 U.S.C. 6050H as creating a private cause of action. *See Barbieri v. Wells Fargo & Co.*, No. CIV.A. 09-3196, 2014 WL 7330461, at *9 (E.D. Pa. Dec. 22, 2014). It is possible that the 1098 forms, if inaccurate, are challengeable with the IRS or under a common law theory, but 26 U.S.C. § 6050H does not itself create a private cause of action against the mortgagor. Accordingly, the Court

**GRANTS IN PART** Defendant's motion and **DISMISSES WITH PREJUDICE** the eighth cause of action for violation of 26 U.S.C. § 6050H.[1]

## II.   Staying Action Under Doctrine of Primary Jurisdiction

Under primary jurisdiction doctrine, courts may "allocate initial decisionmaking responsibility" to an agency when a cognizable claim first requires "resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002) (quoting Richard J. Pierce, Jr., *Administrative Law Treatise* § 14.1, p. 917 (4th ed.2002) and *Brown v. MCI WorldCom Network Servs., Inc.,* 277 F.3d 1166, 1172 (9th Cir.2002)). This is a question within a court's discretion, although factors considered may include "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek* (citing *General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir.1987)).

In *United States v. W. Pac. R. Co.*, 352 U.S. 59, 65 (1956), the Supreme Court determined that the Interstate Commerce Commision, "in the interests of a uniform and expert administration of the regulatory scheme[,]" should first construe the scope of tariffs regulating the transportation of incendiary bombs.

Here, the state law causes of action each turn on whether Defendant accurately reported the interest paid in Plaintiff's 1098 Forms. These forms are completed, submitted, and relied upon by the IRS to enforce the nationwide taxation scheme Congress has entrusted to it. The IRS promulgates rules regarding the scope of interest payments and the proper administration of Form 1098s. 26

---

[1] The Court notes that the claims requiring Fed Rule of Civil Procedure 9(b)'s heightened pleading standard appear doomed to fail under these facts. However, as the Court will likely permit Plaintiff to amend the Complaint if the IRS rules in her favor, any such determination would be without prejudice or mooted by the subsequent complaint.

C.F.R. § 1.221-1; 26 C.F.R. § 1.6050H-2. The IRS' position is therefore necessary in this case to determine whether Defendant's actions breached any duties to Plaintiff.

This Court previously ruled that determining the proper method of reporting Option Arm loan interest should be referred to the IRS under the primary jurisdiction doctrine. *See* Order Granting in Part Motion to Dismiss and Staying Case, *Pemberton et al. v. Nationstar Mortgage LLC*, 3:14-cv-01738-BAS-WVG, ECF 17 (S.D. Cal. Feb. 5, 2015).[2] The Court's analysis there applies equally to the present facts. Consequently, the Court *sua sponte* **ORDERS** this matter **STAYED** pending the IRS's determination in that matter. Plaintiff's counsel shall cross-file any status updates from the *Pemberton* action concurrently in this matter.

Lastly, the Court **OVERRULES** Defendant's objection to the notice of related case and subsequent judicial transfer. The matter was transferred prior to this Court's ruling on any motions, and so there is no evidence that Plaintiff initiated the transfer to shop for favorable rulings. Further, the underlying IRS determination is identical, as are the causes of action. This Court is familiar with these legal issues and the required factual determinations, and therefore judicial efficiency is promoted by the transfer.

**IT IS SO ORDERED.**

Dated:  May 11, 2015

Hon. Cynthia Bashant
United States District Judge

---

[2] To summarize the basis for primary jurisdiction: this is an issue of first impression, and it requires expertise and uniformity to properly administer.